UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMITTE DAVIS, JR.,

       Plaintiff,                              Case No.  1:15-CV-0652

v.                                                  HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Emitte Davis, Jr. seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the

Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 58 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.44, 64.) He completed high school, as well as some college classes, and was previously employed as a customer service representative, bus driver, and truck driver. (PageID.64–65, 95.) Plaintiff filed for benefits on November 21, 2012, alleging that he had been disabled since June 17, 2012, due to problems associated with a curvature of the spine, neck fusion, and liver disease. (PageID.105, 115, 190–202.) Plaintiff's applications were denied on February

28, 2013, after which time he requested a hearing before an ALJ. (PageID.128–46, 148–53.) On October 24, 2013, Plaintiff appeared with his counsel before ALJ William G. Reamon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.60–100.) In a written decision dated February 25, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.44–59.) On April 23, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.22–27.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

3

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Reamon determined Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (PageID.49.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) cervical spine spondylosis, arthrosis, and foraminal encroachment; (2) T1-2 vertebral block anomaly; and (3) obesity. (PageID.49–50.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.50–51.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with certain restrictions. Specifically, the claimant can occasionally reach overhead but he can never lift objects overhead weighing greater than ten pounds. He can occasionally balance, stoop, kneel, crouch and crawl, but can never climb ladders, ropes or scaffolds. He must avoid exposure to temperature extremes or unprotected heights.

(PageID.51.) Continuing with the fourth step, the ALJ determined, based on VE testimony, that Plaintiff was able to perform his past work as a customer service representative. (PageID.54, 74.) Having made his determination at step four, the ALJ ended his analysis and concluded that Plaintiff was not disabled at any point from June 17, 2012 through February 24, 2014. (PageID.55.)

## DISCUSSION

After review of Plaintiff's Statement of Errors, the Court finds Plaintiff raises the following claims:

> 1. The ALJ's credibility analysis is flawed because the ALJ failed to consider Plaintiff's inability to afford treatment and improperly considered Plaintiff's receipt of unemployment benefits; and

4

      2.      The evidence produced after the hearing demonstrates this case should be remanded.

(PageID.490.) The Court will discuss the issues below.[2]

**1.**

Plaintiff argues that the ALJ committed reversible error by questioning the Plaintiff's credibility without considering that he did not have the financial resources to obtain or continue medical treatment and also penalizing him for having sought work in the past. (PageID.491–92, 493–94.) Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Court cannot substitute its own credibility determination for the ALJ's. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed." *Kuhn v. Comm'r of Soc. Sec.*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and

---

[2] In the body of his brief, Plaintiff also argues the ALJ erred in failing to classify his hepatis C as a severe impairment. (PageID.494.) Plaintiff failed to raise this argument in his statement of errors, however, and has thus waived this claim. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010); *York v. Astrue*, No. 3:12–cv188, 2013 WL 796288, at *5 (S.D. Ohio Mar. 4, 2013); *Oudsema v. Comm'r of Soc. Sec.*, No. 1:11–cv1264, 2013 WL 588925, at *5 (W.D. Mich. Feb.13, 2013). Even if Plaintiff had not waived this claim, it would have failed. The ALJ found several conditions to be severe impairments at step two and continued with the sequential analysis through step four. An ALJ can consider non-severe conditions in determining the claimant's RFC. "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).

deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); accord *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir.1993).

Plaintiff testified that he experienced neck and back pain as well as fatigue, and that these conditions prevented him from working. (PageID.74–75.) The ALJ found that Plaintiff's testimony was not fully credible and that Plaintiff was capable of performing a limited range of light work:

> Overall, the undersigned does not doubt that the claimant experiences some limitations as a result of his impairments. However, such limitations are not so severe as to preclude all basic work activities. The claimant testified that his problems have been longstanding, and the medical record does not indicate any worsening of the claimant's condition since the alleged onset date. In fact, just prior to the alleged onset date, the claimant was employed driving a 53 feet long truck and there is nothing the medical evidence of record to suggest that he is [sic] ceased such work for medical reasons or that he would be unable to do so currently. In addition, the claimant continues to drive, shop, visit with others, and perform household chores including mowing the yard. The claimant also continues to ride a motorcycle, which requires greater physical capacity than merely driving a car (*see* EX B6F/4). While none of these activities are determinative of disability, taken together they indicate a greater capacity than has been alleged.
>
> Moreover, the claimant testified that he received unemployment compensation throughout the entire relevant period, ending the week prior to the hearing. In order for an individual to receive Michigan unemployment compensation benefits, the individual must be [sic] affirm the capability of performing suitable fulltime employment. Such is in direct conflict with the allegations made in the case at hand in which the claimant claims to be unable to perform basic work activities.

6

> The claimant has also asserted that he did not seek medical treatment due to financial constraints. However, the record reflects that the claimant sought emergent medical care on several occasions but not for problems related to those he claims have disabled him for the past 20 months. If these conditions were as severe as claimed, it seems reasonable that claimant would likewise have sought care for the spine and liver problems he alleged. When he did seek medical attention for motorcycle accident related knee, neck and back pain, physical exam findings were negative and claimant left the hospital against medical advice. (EX B6F/23).

(PageID.53.)

Plaintiff's first argues that the ALJ erred by holding Plaintiff's failure to seek medical treatment against him without first considering whether Plaintiff could afford treatment. (PageID.491–92.) A claimant's failure to seek medical treatment over an extended period of time is often a factor to be considered against the claimant's assertion of a disabling condition. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment" and "[a] failure to do so may cast doubt on the claimant's assertions of disabling pain."); *see also* SSR 96–7p, 1996 WL 374186, at * 7 (SSA July 2, 1996) ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints."). SSR 96–7p states that before drawing an adverse inference from the claimant's failure to seek or pursue regular medical treatment, however, an ALJ must first "consider[ ] any explanations the individual may provide or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." 1996 WL 374186, at *7.[3]

---

[3] Social Securing Rulings, or SSR's, "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 498 (6th Cir. 2006) (quoting *Wilson*, 378 F.3d at 549) (citations omitted).

The ALJ began his RFC discussion by expressly mentioning that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and *96-7p.*" (PageID.51.) (emphasis added). In doing so, the ALJ indicated he understood his responsibility to consider alternative explanations for Plaintiff's failure to seek medical treatment. Contrary to Plaintiff's assertion, this responsibility did not "mean nothing" to the ALJ. (PageID.491.) Rather, as noted above, and elsewhere in the decision, the ALJ noted that on those occasions in which Plaintiff did seek medical attention, he did not complain about his back pain, and such would be inconsistent with his reports of disabling pain. Thus, Plaintiff was able to seek care–but on those occasions in which he sought care, he did not complain of his alleged disabling conditions. The Court finds the ALJ's consideration of Plaintiff's ability to pay for treatment sufficient to satisfy SSR 96-7p's direction.

Plaintiff next argues that the ALJ erred in considering his receipt of unemployment benefits in discounting his credibility. (PageID.493.) Plaintiff acknowledged at the administrative hearing that he received unemployment compensation, and noted that it had ended just prior to the hearing. (PageID.75.) This district, as well as the Sixth Circuit, has recognized the apparent contradiction between a claimant seeking disability benefits while simultaneously receiving unemployment compensation. *See, e.g.*, *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801–02 (6th Cir. 2000); *see also Loyacano v. Comm'r of Soc. Sec.*, No. 1: 13–cv–144, 2014 WL 1660072, at * 5 (W.D. Mich. Apr.25, 2014) (collecting cases); *Smith v. Comm'r of Soc. Sec.*, No. 1:12–cv–904, 2014 WL 197846, at * 16 (S.D. Ohio Jan.15, 2014); *Barton v. Astrue*, No. 3:11–cv–1239, 2013 WL 6196297, at * 7 (M.D. Tenn. Nov. 27, 2013). Plaintiff argues, however, that this line of cases no longer applies due to subsequent developments in agency policy. Specifically, Plaintiff points to an August 2010, memorandum from Frank A. Cristaudo, the Chief

8

Administrative Law Judge for the Social Security Administration. That memo instructs ALJs that "the receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled." *Webster v. Colvin*, 2014 WL 4095341, at *9 (E.D. Tenn., Aug.19, 2014). As Chief ALJ Cristaudo explained, "because the disability decisionmaking process is uncertain and quite lengthy, a claimant should not be forced to choose between applying for unemployment and disability benefits." *Id.* Plaintiff argues that his memo precludes consideration of a claimant's receipt of unemployment benefits. Here, the ALJ did not base the credibility determination solely on the receipt of unemployment benefits, but noted that other factors, including Plaintiff's daily activities and medical history, combined with the receipt of unemployment benefits stood at odds with his disability claim. This was entirely appropriate. Plaintiff's interpretation of the memo overreads the Administration's policy. As the memo itself states, the receipt of unemployment benefits is a factor that may be considered. As such, the deference generally accorded an ALJ's credibility determination is appropriate here.

In sum, the Court finds that the ALJ's rationale for discounting Plaintiff's subjective statements is supported by substantial evidence.

**2.**

Plaintiff asserts that this matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration of evidence which Plaintiff failed to present to the ALJ. (PageID.492–93). Plaintiff has submitted to this Court two treatment notes from Mercy Health Physician Partners, dated April 3, 2014, and May 13, 2014.

This Court is precluded from considering this evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir.1996); *Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that the evidence in question is new and material, and that good

cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *See, e.g.*, *Melkonyan v. Sullivan*, 501 U.S. 89, 98, (1991). To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Plaintiff argues that the new evidence "could help explain his ongoing complaints of fatigue" and that the evidence demonstrates the "ALJ's credibility determination was not supportable." (PageID.491, 493.) The Commissioner argues the new evidence is not material. (PageID.521.) The Court agrees with the Commissioner.

The April 3, 2014, treatment note began with a history of Plaintiff's illnesses. In it, Plaintiff was described as experiencing arthritis, fatigue, and hepatitis C. (PageID.29.) Regarding his arthritis, Plaintiff was described as "doing well" and his liver functioning tests were overall normal. (PageID.29.) On physical exam, Plaintiff's neck was found to be normal. Exam results of the lumbar spine revealed "mild" pain with motion, and an exam of the left knee revealed "mild" pain to palpation. Plaintiff's shoulders had pain upon extension, but had normal strength and sensation. (PageID.31–32.) Plaintiff was referred to physical therapy and a gastroenterologist. (PageID.32.) The May 13, 2014, treatment note found that Plaintiff had a positive rheumatoid factor, but X-Rays still found only mild arthritis in the lumbosacral spine. (PageID.39.) The Court does not see a reasonable probability that the Commissioner would have reached a different conclusion if this evidence would have been considered. The treatment notes provide only minimal discussion of Plaintiff's fatigue, and the notes regarding his hepatitis–to which Plaintiff attributes his fatigue–reveal only normal liver functioning. So too the notes regarding Plaintiff's arthritis

demonstrate only mild results. These are hardly the type of note that would lead the ALJ to come to a different conclusion.

After briefing in this case was completed, Plaintiff filed a motion to supplement the record, noting that he had subsequently been awarded benefits by the Commissioner. The motion is accompanied by an award letter noting that Plaintiff could be awarded benefits from August 2014 though February 2016. (ECF No. 23, PageID.530–35.) In *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646 (6th Cir. 2009), the Sixth Circuit held that a subsequent administrative decision awarding benefits does not satisfy the plaintiff's burden under sentence six: "[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." 561 F.3d at 653. "Under sentence six, the mere existence of a subsequent decision in [plaintiff's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." *Id.* The Sixth Circuit explained that consideration of the result achieved on a subsequent application for benefits as "new evidence" under sentence six would be inconsistent with the statutory purpose of a sentence-six remand and would be contrary to controlling Supreme Court precedent:

> If a subsequent favorable decision—separated from any new substantive evidence supporting the decision—could itself be "new evidence" under sentence six, the only way that it might change the outcome of the initial proceeding is by the power of its alternative analysis of the same evidence. But remand under sentence six is not meant to address the "correctness of the administrative determination" made on the evidence already before the initial ALJ. [*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)]. In addition, it is overly broad to read the words 'new evidence' in sentence six to include a subsequent decision based on the same evidence. In *Melkonyan*, the Court noted that the legislative history of § 405(g) shows that "Congress made it unmistakably clear that it intended to

11

> limit the power of district courts to order remands for 'new evidence' in Social Security cases." *Id.* at 100.

*Id.* The mere fact of a subsequent favorable decision cannot be deemed "new evidence" under these authorities. The subsequent decision awarding SSI benefits for a different time period does not provide a basis for remanding this case to the Commissioner under sentence six of 42 U.S.C. § 405(g). Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.

## **CONCLUSION**

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated: July 15, 2016                             /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE